**JUNYING ZHANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72213.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed April 28, 2008.

Albert S. Chow, Esq., Lin & Chow, Monterey Park, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of

R.App. P. 34(a)(2).

Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, D.C., for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

## MEMORANDUM **

Junying Zhang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility determination based upon Zhang's demeanor while testifying because the IJ identified Zhang's hesitation and evasiveness with sufficient particularity to support the demeanor finding. *See Arulampalam v. Ashcroft,* 353 F.3d 679, 686 (9th Cir.2003). Because the IJ had a basis to doubt Zhang's credibility, she could properly consider the lack of evidence to corroborate Zhang's claims. *See Li,* 378 F.3d at 964. Accordingly, Zhang's asylum claim fails.

Because Zhang failed to demonstrate eligibility for asylum, it follows that she did not satisfy the more stringent requirement for withholding of removal. *See Farah v.*

*Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003). Substantial evidence also supports the denial of CAT relief. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

